Belknap,
Dec., 1895.

### MALTAIS v. FOSS.

One who has agreed to pay a stipulated price per cord for the cutting and peeling of bark on a certain farm is liable for similar labor performed on adjoining land if he has accepted the benefit of the services.

ASSUMPSIT, for cutting lumber and peeling bark. Trial by jury. Verdict for the plaintiff. By an agreement in writing the plaintiff was to peel all the hemlock bark standing on the Tuttle farm in Lincoln that the defendant might require, and receive therefor $1.87½ per cord. The plaintiff's evidence tended to prove the following facts: The plaintiff cut and peeled 420 cords of bark. The defendant paid him for 333 cords, and refused to pay for the balance on the ground that it was cut on land of an adjoining owner. The plaintiff supposed he was cutting on the Tuttle farm, but he did in fact cut lumber producing eighty-seven cords of bark on other land. The defendant did not point out the lines, nor did the plaintiff request him to do so. No one had demanded damages of the plaintiff for the trespass. The defendant had the lumber and bark for the cutting of which suit was brought. The defendant excepted to the denial of his motion for a nonsuit.

*Frank M. Beckford* and *Edwin H. Shannon*, for the plaintiff.

*Jewell, Stone, Owen & Martin*, for the defendant.

CLARK, J. The only question is whether there was error in the denial of the motion for a nonsuit. The plaintiff's evidence tended to show that "the defendant had the lumber and bark for the cutting of which suit was brought." From this, the jury could properly infer that the defendant accepted and took the benefit of the plaintiff's labor at the agreed price; or at its value, if, as the plaintiff in his brief asserts, there was a *quantum meruit* count.

*Judgment on the verdict.*

PARSONS, J., did not sit: the others concurred.